## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES E. WENNERSTEIN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 20-0152 (RC) |
| | : | |
| ALEJANDRO MAYORKAS, Secretary, | : | |
| U.S. Department of Homeland Security, | : | |
| | : | |
| Respondent. | : | |

## <u>MEMORANDUM OPINION</u>

On January 13, 2020, James E. Wennerstein filed a Petition for Declaratory Judgment and Writ of Mandamus (ECF No. 1, "Pet."), and on April 23, 2021, filed "Plaintiff's Statement of Facts Providing Basis for Claims of Mandamus Relief" (ECF No. 37, "Statement"), construed as a more definite statement in response to the Court's March 23, 2021, Order (ECF No. 35). This matter has come before the Court on:

- Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 41) with supporting memorandum (ECF No. 41-1, "Resp. Mem."), declaration (ECF No. 41-2, "Young Decl."), and statement of material facts (ECF No. 41-3, "SMF");

- Petitioner's Petition for Subpoena to Third Party for Production of Documents (ECF No. 43, "Pl.'s Mot."), construed as a motion to take discovery pursuant to Federal Rule of Civil Procedure 56(d);

- Petitioner's Response to Respondent's Second Motion to Dismiss or in the Alternative, for Summary Judgment (ECF No. 45 at 1-14, "Opp'n"), which included a second motion for discovery (ECF No. 45 at 25-29);

- Combined [1] Reply in Further Support of Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment; and [2] Notice of Mootness (ECF Nos. 49-50, "Reply") and

- Petitioner's Answer to Respondent's Combined (1) Reply and (2) Notice of Mootness (ECF No. 51, "Surreply").

For the reasons discussed below, the Court DENIES respondent's motion to dismiss or for summary judgment, DENIES petitioner's motions for discovery, and DISMISSES the petition as moot.

**I. Renouncing Citizenship Under 8 U.S.C. § 1481(a)(6)**

Petitioner, who currently is incarcerated in at the East Arkansas Regional Unit of the Arkansas Department of Corrections in Marianna, Arkansas, wants to relinquish his United States nationality. In relevant part, the Immigration and Nationality Act provides:

> (a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality . . .
>
> (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense[.]

8 U.S.C. § 1481(a)(6). The authority of the Attorney General under 8 U.S.C. § 1481(a)(6) since has vested in the Secretary of Homeland Security. *See Turner v. Beers*, 5 F. Supp. 3d 115, 119 (D.D.C. 2013) (citing 6 U.S.C. § 557).

A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The demand for a response to a formal written renunciation of nationality is proper fodder for a mandamus action.

*See Turner*, 5 F. Supp. 3d at 119 (concluding that "[t]he only ministerial duty Defendant owed to Plaintiff under [8 U.S.C. § 1481(a)(6)] was to 'respond[ ] to his request to renounce his citizenship'") (quoting *Sluss v. U.S. Citizenship & Immigration Servs.*, 899 F. Supp. 2d 37, 41 (D.D.C. 2012)).

## II. Petitioner's October 9, 2019, Letter to the Secretary of Homeland Security

According to petitioner, on October 9, 2019, he sent a letter to the Secretary of Homeland Security pursuant to 8 U.S.C. § 1481 with the intention of renouncing his United States citizenship.  *See* Pet. at 7-8; Statement at 5-6 (page numbers designated by CM/ECF); Letter (ECF No. 37-1, "Letter").  Petitioner addressed the October 9, 2019, letter to the Secretary at 245 Murray Drive, Washington, DC 20528, *see* Letter at 1, and its signature page indicated that copies were sent to 17 others, including the Director of U.S. Citizenship and Immigration Services, *see id.* at 9.  The addresses of these additional recipients were not listed.  *See id.* Petitioner certified that, on October 9, 2019, he "delivered the Enclosed Documents into the possession of Prison officials for the purpose of mailing said Documents via the United States Postal Service pursuant to the [Institution's] Legal Mail Procedure with first class Postage being paid either by [petitioner] or on [petitioner's] behalf by the Institution."  *Id.* at 10 (Certification of Institution Filing); *see* Statement at 5; Opp'n at 6-7 (page numbers designated by CM/ECF).

## III. Respondent's Motion to Dismiss

The Court issued a Memorandum Opinion and Order (ECF No. 35) on March 23, 2021, directing petitioner to file a more definite statement (1) providing a factual basis for his claim for mandamus relief; (2) identifying the intended recipient(s) of the October 9, 2019, letter; (3) describing the means by which he sent the October 9, 2019, letter to the intended recipients,

identifying the dates on which he sent the letter, and, if any, submitting proof of receipt; and (4) attaching a legible copy of the October 9, 2019, letter.

Respondent moved to dismiss on two grounds: that the mandamus petition fails to state a claim upon which relief can be granted, and that his Statement does not comply with the March 23, 2021, Order. *See* Resp. Mem. at 6 (page numbers designated by respondent); *see* Reply at 2-4. Admittedly, petitioner's Statement does not comply fully with the Court's Order, but in deference to plaintiff's *pro se* status, the Court will not dismiss the case on this basis. Furthermore, the Court disagrees with respondent's contention that petitioner "fails to adequately plead facts to establish that he has ever submitted a request to renounce his citizenship to the Secretary that would trigger a duty to respond[.]" Resp. Mem. at 6. What facts petitioner manages to allege adequately state a claim for mandamus relief, as the Court previously determined with respect to the original petition (ECF No. 1) in its March 23, 2021 Memorandum Opinion and Order.

**IV. Respondent's Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56, the Court may grant summary judgment only when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Respondent argues that "there is no genuine dispute that the Department of Homeland Security has never received any renunciation correspondence from [petitioner], including the October 9, 2019, letter at issue in this litigation." Resp. Mem. at 7. He posits that he "has no duty to respond to a letter he has never received." *Id*. To support the motion, respondent submits the declaration of Claudia F. Young, Assistant Associate Director in the Field Operations Directorate of the U.S. Citizenship and Immigration Services ("USCIS"), who is "responsible for overseeing policy related to

4

domestic renunciation of U.S. citizenship under section 349(a)(6) of the Immigration and

Nationality Act (the 'INA'), 8 U.S.C. § 1481(a)(6)."  Young Decl. ¶ 2.  Ms. Young explains:

> 3.      USCIS maintains in the ordinary course of business electronic and paper records concerning requests to renounce citizenship made under INA section 349(a)(6), including correspondence and documents memorializing agency review of requests.  As part of my job responsibilities, I and certain members of my staff who act under my supervision have access to these records.
>
> 4.      I assigned a member of my staff under my supervision to search for records maintained by USCIS concerning any request submitted by or on behalf of James Wennerstein seeking to renounce his citizenship under INA section 349(a)(6).  I make this declaration based on official information made available to me in the course of my official duties with USCIS including information obtained through this search.
>
> 5.      Mr. Wennerstein claims to have mailed a request to renounce his US citizenship to "245 Murray Drive" in Washington, DC.  "245 Murray Lane, SW" is a Department of Homeland Security mailing address in Washington, DC, but not the address where renunciation requests are normally received.  Despite that, internal DHS mail routing procedures are such that renunciation-related correspondence received by DHS offices are commonly opened and re-routed to the proper recipients at USCIS.  This has occurred in other instances involving similar correspondence mailed to a variety of DHS offices, including Murray Lane, SW, and that were properly redirected

*Id*. ¶¶ 3-5; *see* SMF ¶¶ 3-8.  The records searched "include[d] paper records, received mail, e-

mails and archived e-mails," and "no evidence was found to indicate USCIS has received

correspondence from Mr. Wennerstein seeking to renounce his United States citizenship."

Young Decl. ¶ 5; *see* SMF ¶ 9.  Accordingly, respondent urges the Court to grant summary

judgment in his favor, as he had no obligation to respond to a request he had not received.  *See*

Resp. Mem. at 8.

    A nonmovant may be given an opportunity to take discovery if he "shows by affidavit or

declaration that, for specified reasons, [he] cannot present facts essential to justify [his] position"

in response to a summary judgment motion.  Fed. R. Civ. P. 56(d).  "To obtain relief, a Rule 56(d) movant must: (1) outline the particular facts the party defending against summary judgment intends to discover and describe why those facts are necessary to the litigation; (2) explain why the party could not produce those facts in opposition to the pending summary judgment motion; and (3) show that the information is in fact discoverable." *Jeffries v. Barr*, 965 F.3d 843, 855 (D.C. Cir. 2020) (quoting *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99-100 (D.C. Cir. 2012)) (internal quotation marks and brackets omitted); *see Carpenter v. Fannie Mae*, 174 F.3d 231, 237 (D.C. Cir. 1999) (noting that a nonmoving party seeking discovery "had to indicate what facts she intended to discover that would create a triable issue and why she could not produce them in opposition to the motion").

Petitioner, who represents he mailed the October 9, 2019, letters according to the institution's rules, *see* Statement at 6-7, proffers that the Arkansas Department of Corrections has documents "essential . . . to support [his] claims and dispute the Respondent[']s Motion," Pl.'s Mot. at 2 (page numbers designated by CM/ECF); Surreply at 2, 7-8 (page numbers designated by CM/ECF).  He seeks "Inmate Withdrawl [sic] Request forms for the postage charged to him to send out the 09 October 2019 Letters in Question."  Pl.'s Mot. at 2; *see* Opp'n at 5-6, 26; Statement at 15; *see also* Statement, Ex. (ECF No. 37-1 at 28-29, 32).

The material fact petitioner must have proved is the Secretary's *receipt* of the October 9, 2019, formal written renunciation of citizenship.  Evidence such as a certified mail return receipt or tracking information from the United States Postal Service could counter respondent's representation that the Secretary did not receive petitioner's letter and thus demonstrate the existence of a genuine issue of material fact in dispute.  At most, the materials petitioner intends to discover could (1) establish that petitioner mailed the letters on or about October 9, 2019, and

(2) confirm the amount of postage paid to mail them.  This information is not necessary to this

litigation because it would not establish that the Secretary actually received the October 9, 2019,

letter.

### D. Response to Petitioner's Request to Renounce U.S. Citizenship

"Although USCIS has no record of receiving [petitioner's] letter by mail, USCIS

concedes that it received a copy in April 2021 in connection with this litigation, and thus, it went

ahead and responded to the letter nonetheless."  Reply at 8.  By letter dated October 7, 2021,

USCIS informed petitioner that it rejected his request, explaining:

> In order to renounce citizenship under INA § 349(a)(6), a person
> who is a national of the United States whether by birth or
> naturalization must voluntarily and with the intention of
> relinquishing United States nationality submit a formal written
> renunciation of nationality in such form as may be prescribed by,
> and before such officer as may be designated by, the Secretary of
> Homeland Security, whenever the United States shall be in a state
> of war and the Secretary of Homeland Security shall approve such
> renunciation as not contrary to the interests of national defense.
> USCIS interprets INA § 349(a)(6) as requiring an in-person
> interview.  USCIS does not waive that requirement and will not
> conduct the required interview in prison, or by phone or video link.
> Because you are unable to attend an in-person interview, USCIS
> cannot proceed with your claim.

Reply, Ex. A (ECF No. 49-1) at 1.

Now that petitioner has received the relief he demanded – respondent's response to his

formal request to renounce citizenship – the petition is rendered moot.  *See, e.g., Campbell-*

*Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016).

**V. Conclusion**

       Because respondent has provided all the relief petitioner sought, the Court will dismiss the petition for a writ of mandamus as moot, and the parties' motions will be denied.  An Order is issued separately.


Date:  December 16, 2021                         /s/
                                          RUDOLPH CONTRERAS
                                      United States District Judge